United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 17, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40005
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS WILFREDO MARTINEZ-ESCALANTE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1416-ALL
--------------------

Before KING, DeMOSS and PRADO, Circuit Judges.

PER CURIAM:[*]

Luis Wilfredo Martinez-Escalante (Martinez) appeals his

conviction and the 57-month sentence imposed for his guilty plea

to a charge of illegal reentry to the United States, a violation

of 8 U.S.C. § 1326.

Martinez's constitutional challenge to § 1326 is foreclosed

by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).

Although Martinez contends that Almendarez-Torres was incorrectly

decided and that a majority of the Supreme Court would overrule

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Martinez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review. Accordingly, Martinez's conviction is affirmed.

Martinez asserts that his sentence must be vacated because he was sentenced pursuant to mandatory Sentencing Guidelines in violation of United States v. Booker, 543 U.S. 220 (2005). He asserts that the error in his case is structural and is insusceptible to harmless error analysis. Contrary to Martinez's contention, we have previously rejected this specific argument. See United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005).

Martinez contends that the Government cannot show that the error that occurred at his sentencing was harmless. The Government concedes that Martinez preserved his claim of error. We review Martinez's challenge to his sentence for harmless error under FED. R. CRIM. P. 52(a). See Walters, 418 F.3d at 463. Nothing in the record demonstrates and the Government has not shown that the district court would not have imposed a different sentence under advisory Sentencing Guidelines. See id. at 466. Accordingly, Martinez's sentence is vacated, and his case is remanded for further proceedings consistent with this opinion.

Because resentencing is warranted, there is no need to address Martinez's remaining sentencing claims.  See <u>United States v. Akpan</u>, 407 F.3d 360, 377 n.62 (5th Cir. 2005).

    AFFIRMED IN PART; VACATED IN PART; REMANDED.